LANGLEY & a. v. BARNSTEAD & a.

Towns may be "situate in the vicinity" of each other within the meaning of that phrase as used in Gen. Laws, c. 68, s. 10, although not adjoining.

PETITION for a new highway in the towns of Barnstead and Alton. Upon the petition of Alton, under Gen. Laws, c. 68, s. 10,

and notice thereof, the town of Farmington appeared at the hearing before the commissioners, who, in their report, assigned $500 of the expense of making the highway to be paid by that town. Farmington objected at the hearing that the commissioners had no authority to make such assignment, because Farmington is not in the vicinity of the proposed highway and of the town of Alton, and now moves to set aside their report for that cause. The court overruled the objection and denied the motion, and Farmington excepted.

*E. A. Hibbard* and *E. H. Shannon*, for the plaintiffs.

*George N. Eastman, Jewell & Stone, J. W. Currier*, and *Thos. Cogswell*, for the defendants.

ALLEN, J. "Words and phrases shall be construed according to the common and approved usage of the language." G. L., c. 1, s. 2. Etymologically and by common understanding, the phrase "in the vicinity" means in the neighborhood, and neighborhood, as applied to place, signifies nearness as opposed to remoteness. Whether a place is in the vicinity or in the neighborhood of another place depends upon no arbitrary rule of distance or topography. One village may be said to be "in the vicinity" of another village without being joined or incorporated with it, and one house may be said to be near, "in the vicinity" of, or in the neighborhood of, another house, and not structurally adjoin it. Vicinity admits of a more indefinite and wider latitude in place than proximity or contiguity, and, as applied to territory, may embrace a more extended space than that lying contiguous to the place in question, and as applied to towns and other territorial divisions, may embrace those not adjacent.

The chief object of the statute is to distribute with greater equality and uniformity the public burdens, and relieve those towns where the burdens are excessive and disproportionate to the benefits derived by placing them in part upon other towns more largely benefited by the improvement. Actual proximity of towns is not the statute test of a right to relief, but an "excessively burdensome" expense upon one town for a public improvement, by which another town or other towns in the vicinity are "greatly benefited." G. L., c. 68, s. 10. A town separated by the territory of another town from that where the new highway is established might be benefited by it immensely more than the adjacent town lying between; and a reasonable construction of the statute, as well as the requirements of justice, demands that the expense should be apportioned upon the towns in the vicinity "greatly benefited," disregarding contiguity of boundary lines of towns. Giving to the term "vicinity" its natural meaning, and that lying in the common understanding and approved by common usage, and considering the

leading object of the statute, the intent of the legislature must have been to apply the act to towns in the neighborhood of that in which the highway is established, and not to confine it to towns adjoining. The question of vicinity being one not fixed by technical and arbitrary rules, but depending upon reasonable nearness as contrasted with remoteness, and upon excess of burden upon one town contrasted with enlarged benefits to the neighboring town, is a question of fact, and the finding of the board of commissioners upon that subject, upon competent evidence, will not be revised here. *Haley* v. *Ins. Co.*, 12 Gray 545.

*Exception overruled.*

CARPENTER, J., did not sit: the others concurred.